# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL BRAND HOLDINGS, LLC, | Civil Action No. 14-CV-5280 (PKC)(SMG) |
| Plaintiff, | |
| v. | **DEFENDANT FIVE BELOW, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIMS** |
| ARTCRAFT COMPANY INC., FIVE BELOW, INC. and JOHN DOES 1 THROUGH 5, | |
| Defendants. | |

Defendant, Five Below, Inc. ("Five Below"), by and through its attorneys, Pepper Hamilton LLP, answers the Complaint, as follows:

## THE PARTIES

1. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

2. Admitted upon information and belief that ArtCraft is a Canadian corporation at the address stated.

3. Admitted.

4. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

5. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

11. Admitted in part and denied in part. Subsections (i), (ii) and (iii) are admitted. The balance of the allegations in this paragraph are denied.

12. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

13. Admitted.

## FACTS COMMON TO ALL COUNTS

### Global's XOXO Brand

14. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

15. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

16. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

17. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

18. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

19. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

20. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

21. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

22. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

### Defendants' Infringing Conduct

23. Admitted in part, denied in part. It is admitted only that ArtCraft sold a line of shoes that included the indicated design, as did Five Below. Five Below lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations of this paragraph.

24. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

25. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

26. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT I

### VIOLATION OF 15 U.S.C. §1114
### (Trademark Infringement)

33. Five Below repeats and realleges each answer to paragraphs 1-32 hereof as if fully set forth herein.

34. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

35. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

36. Denied.

37. Denied.

38. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

39. Denied.

## COUNT II

### VIOLATION OF 15 U.S.C. §1125(A)
### (False Designation of Origin)

40. Five Below repeats and realleges each answer to paragraphs 1-39 hereof as if fully set forth herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

-4-

## COUNT III

### VIOLATION OF 15 U.S.C. § 1125(C)
### (Trademark Dilution)

47. Five Below repeats and realleges each answer to paragraphs 1-46 hereof as if fully set forth herein.

48. It is admitted only that plaintiff purports to state a cause of action under 15 U.S.C. §1125(c).

49. Denied.

50. Denied.

51. Denied.

## COUNT IV

### VIOLATION OF 15 U.S.C. §1125(A)
### (Unfair Competition)

52. Five Below repeats and realleges each answer to paragraphs 1-51 hereof as if fully set forth herein.

53. It is admitted only that plaintiff purports to state a cause of action for unfair competition under 15 U.S.C. §1125(a).

54. Denied.

55. Denied.

## COUNT V

### VIOLATION OF 15 U.S.C. § 1114
### (Trademark Counterfeiting)

56. Five Below repeats and realleges each answer to paragraphs 1-55 hereof as if fully set forth herein.

57. It is admitted only that plaintiff purports to state a cause of action for federal counterfeiting under 15 U.S.C. §1114 *et seq*.

58. Five Below admits that it has not received any direct authorization from plaintiff to apply the XOXO mark to its products. Five Below lacks knowledge or information sufficient to form a belief about the truth of the balance of allegations of this paragraph.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT VI

### VIOLATION OF NEW YORK GEN. BUS. LAW § 360-1
(Injury to Business Reputation)

64. Five Below repeats and realleges each answer to paragraphs 1-63 hereof as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT VII

### UNFAIR COMPETITION AND MISAPPROPRIATION UNDER THE COMMON LAW

69. Five Below repeats and realleges each answer to paragraphs 1-68 hereof as if fully set forth herein.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT VIII

### VIOLATION OF THE TRADE-MARKS ACT OF CANADA § 7(C)
### (Passing Off)

77. Five Below repeats and realleges each answer to paragraphs 1-76 hereof as if fully set forth herein.

78. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

79. Denied.

80. Denied.

81. Denied.

## COUNT IX

### VIOLATION OF THE TRADE-MARKS ACT OF CANADA § 7 (B)
### (Likelihood of Confusion)

82. Five Below repeats and realleges each answer to paragraphs 1-81 hereof as if fully set forth herein.

83. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

84. Denied.

85. Denied.

86. Denied.

## COUNT X

**VIOLATION OF THE TRADE-MARKS ACT OF CANADA § 20**
**(Trademark Infringement)**

87. Five Below repeats and realleges each answer to paragraphs 1-86 hereof as if fully set forth herein.

88. Five Below lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

89. Denied.

90. Denied.

91. Denied.

WHEREFORE, Five Below respectfully requests that the Court enter judgment in its favor and against plaintiff and award Five Below its attorneys' fees and costs and such other relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief inasmuch as Plaintiff's claims are barred by the doctrines of laches, waiver, equitable, unclean hands, estoppel and/or acquiescence.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, none being admitted, are subject to the limitations of 15 U.S.C. § 1111.

## THIRD AFFIRMATIVE DEFENSE

Five Below hereby provides notice that it may rely on any Affirmative Defense asserted by its co-defendant, ArtCraft, as ArtCraft is in a better position as the party sourcing the goods at issue to ascertain what defenses may be available.

**CROSSCLAIMS AGAINST ARTCRAFT COMPANY, INC.**

As Crossclaims against Co-Defendant, ArtCraft Company, Inc. ("ArtCraft"), Defendant and Cross-Claimant, Five Below, Inc. ("Five Below") hereby alleges:

1. Five Below is a corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 1818 Market Street, Philadelphia, Pennsylvania.

2. Upon information and belief, ArtCraft is a corporation organized under the laws of Canada, with its principal place of business at 309 Pennsylvania Avenue, Concord Ontario.

3. On September 9, 2014, Global Brand Holdings, LLC ("Global Brand") commenced an action in the United States District Court for the Eastern District of New York (Brooklyn) by the filing of a Complaint naming ArtCraft Company, Inc. and Five Below, Inc. as defendants. The Complaint asserts causes of action against ArtCraft Company, Inc. and Five Below, Inc. for, *inter alia*, trademark infringement, trademark dilution, trademark counterfeiting and unfair competition arising from the sale of alleged infringing goods.

4. Five Below may assert claims against ArtCraft pursuant to Rule 13(g) of the Federal Rules of Civil Procedure.

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because the Complaint alleges violations of the Lanham Act.

6. This Court has supplemental jurisdiction of Five Below's Crossclaims against ArtCraft under 28 U.S.C. § 1367 because this Court has original jurisdiction over this action and these Crossclaims are so related to the claims in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

## COUNT I
### Claim for Breach of Obligation to Provide Goods Free of Claims of Infringement

7. Five Below repeats and realleges each answer to paragraphs 1 through 6 hereof as if fully set forth herein.

8. Five Below has a wholly-owned subsidiary, Five Below Merchandising, Inc. ("Merchandising"), a Pennsylvania corporation with its principal place of business at the same address as its parent, Five Below, namely 1818 Market Street, Philadelphia, Pennsylvania. Merchandising purchases goods from ArtCraft and other vendors only for Five Below's resale in Five Below's retail stores. ArtCraft understood that the goods it sold to Merchandising would be sold by Five Below in its retail stores. It was both ArtCraft's and Merchandising's intention that Five Below would be a third-party beneficiary of the ArtCraft/Merchandising contract for the purchase of the subject goods.

9. At all times relevant to this litigation, ArtCraft was a merchant regularly dealing in the goods at issue in this action. ArtCraft warranted to Merchandising that the products at issue in this action, as delivered, were free of the rightful claim of any third person by way of infringement, or the like. ArtCraft had an obligation to deliver goods which were free from any right or claim by a third party based on United States intellectual property rights of which Art Craft could not be unaware.

10. Neither Five Below nor Merchandising had any knowledge, and had no reason to know, of any alleged infringement when the goods delivered by ArtCraft were accepted. The goods at issue were not made based on specifications supplied to ArtCraft by Five Below or Merchandising.

11. Upon information and belief, ArtCraft and Five Below received notice of the claims by Global Brand Holdings asserted against them in the Complaint on or about the

same date by virtue of a letter dated September 12, 2014 sent Federal Express from Plaintiff's counsel to both ArtCraft and Five Below.

12. Five Below has already sustained damage by having to return a portion of the purchased goods still in inventory in its warehouses to ArtCraft and removing others from sale in its retail stores. Five Below has demanded that ArtCraft indemnify it for any and all losses relating to the alleged infringement. ArtCraft has refused to do so.

13. In the event that a trier of fact determines that Global Brand Holdings has a valid claim against Five Below by way of infringement or the like, no such claim being admitted, such determination will constitute a breach of warranty made by ArtCraft and of ArtCraft's obligations to Five Below.

WHEREFORE, Five Below prays that, if a judgment or verdict is entered against it and in favor of Global Brand Holdings, that Five Below have judgment over and against ArtCraft for the same amount together with an award of its reasonable costs and expenses, and that it be awarded its attorneys' fees incurred in the defense of Global Brands' claims and the prosecution of its claims against ArtCraft, and that the Court grant it such other relief as it deems just and proper.

### COUNT II
### Claim for Indemnity

14. Five Below repeats and realleges the allegations of paragraphs 1 through 13 set forth above as if fully stated herein.

15. Five Below and Merchandising are without fault with respect to the alleged infringing goods as the goods were not made based on their specifications.

16. Should Five Below be found liable for any of the acts complained of it by Global Brand Holdings, then such liability would have been incurred as a direct and proximate result of the conduct of ArtCraft in supplying infringing goods.

17. As a result, Five Below would be entitled to indemnification from ArtCraft for any sums paid as a result of a judgment, damages, or other award against Five Below, as well as for its costs and expenses and legal fees related to the defense of the action brought by Global Brand Holdings.

WHEREFORE, Five Below prays that, if a judgment or verdict is entered against it and in favor of Global Brand Holdings, that Five Below have judgment over and against ArtCraft for the same amount together with an award of its reasonable costs and expenses, and that it be awarded its attorneys' fees incurred in the defense of Global Brands' claims and the prosecution of its claims against ArtCraft, and that the Court grant it such other relief as it deems just and proper.

Respectfully submitted,

/s/ Ruth E. Harlow
Ruth E. Harlow
PEPPER HAMILTON LLP
620 Eighth Avenue, 37th Floor
New York, New York 10018
(212) 808-2700
harlowr@pepperlaw.com

Of Counsel:
Vincent V. Carissimi
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4351
carissimiv@pepperlaw.com

Attorneys for Defendant,
Five Below, Inc.

Date:  January 21, 2015